<br>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR.  FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                              (973) 645-4693
  BANKRUPTCY JUDGE                                               Fax: (973) 645-2606

<u>NOT FOR PUBLICATION</u>

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **MAY 31, 2006**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY: <u>s/ Ronnie Plasner,</u> DEPUTY

May 31, 2006

<u>LETTER OPINION</u>
**<u>ORIGINAL FILED WITH THE CLERK OF THE COURT</u>**

Lowenstein Sandler PC
S. Jason Teele, Esq.
65 Livingston Avenue
Roseland, New Jersey  07068
***Counsel to the Debtor and Debtor-in-Possession***
 ***Patriot Contracting Corporation***

Miranda Sokoloff Sambursky Slone Verveniotis, LLP
Neil L. Sambursky, Esq.
240 Mineola Boulevard
Mineola, New York 11501
***Counsel for Americon Construction Inc.***

    **Re:**      **Patriot Contracting Corporation**
             **<u>Case No. 05-33190 (DHS)</u>**

Page 2
May 31, 2006

Dear Counsel:

Before the Court is a motion filed by Americon Construction Inc. (hereinafter "Americon") seeking

relief from the automatic stay pursuant to § 362(d) of the Code in order to continue to prosecute its third-

party action against the Debtor, Patriot Contracting Corporation, currently pending before the Supreme

Court of New York.  The motion is opposed by the Debtor.  For the reasons that follow, the Court will

grant the motion for stay relief filed by Americon.

**I.    Statement of Facts and Procedural History**

On July 18, 2005, the Debtor filed a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a debtor-in-

possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory

committee has been appointed in the Debtor's Chapter 11 case.

Prior to the Petition Date, on or about January 23, 2005, Pietro Bommarito (hereinafter

"Bommarito") commenced an action in the Supreme Court of the State of New York, New York County,

captioned *Pietro Bommarito v. American Fine Arts Society and Americon Contracting Corp.* seeking

damages for injuries allegedly sustained in 2003 while working for the Debtor at a construction site located

at 215 West 57th Street, New York, New York (hereinafter the "New York Action").  Mr. Bommarito

allegedly sustained a fractured left wrist on April 23, 2003, when he attempted to prevent a mini container

from toppling over.  At the time of the alleged accident, Mr. Bommarito was an employee of the Debtor.

After the New York Action was commenced, Americon commenced a third-party action against the

Debtor seeking, *inter alia*, indemnification by the Debtor in connection with any costs incurred by

Page 3
May 31, 2006

Americon arising from the New York Action.  The Debtor is represented in the New York Action by counsel retained by American Insurance Group, Inc. (hereinafter "AIG") as the authorized agent of the Debtor's general commercial liability insurer, Lexington Insurance Company.  In the third-party complaint, Americon alleges that the Debtor is required to indemnify it in the New York Action.  Americon bases its allegations on the fact that the Debtor and Americon were parties to a purchase order (hereinafter the "Purchase Order"), pursuant to which the Debtor was to perform all demolition work at the Project Site, and which requires the Debtor to indemnify Americon from any and all losses or claims arising from events which occur at the Project Site.  According to the Debtor, the Purchase Order was executed by Americon on April 25, 2003 and by the Debtor on May 14, 2003.  It is significant to the Debtor's position that it executed the Purchase Order twenty one days after Mr. Bommarito allegedly sustained his injury.

During the time period relevant to the New York Action, the Debtor maintained a general commercial liability policy through Lexington Insurance Company.  AIG, the authorized agent for Lexington Insurance Company, has provided the Debtor with a defense in the New York Action but has denied coverage for any liability resulting therefrom.  The Debtor submits that AIG's denial of coverage is based upon the lack of contractual privity between the Debtor and Americon on April 23, 2003, the date that Mr. Bommarito's alleged injury allegedly occurred.  Accordingly, to the extent the Debtor is found to be liable to Americon (or any other party) in the New York Action, such liabilities may not be covered by insurance and any damages, if any, would have to be satisfied from assets of the Debtor.  In addition, the Debtor's insurance policy includes a self-insured retention of $5,000 for damages arising from bodily injury liability

Page 4
May 31, 2006

and property damage claims.  Thus, to the extent insurance coverage is available to the Debtor in the New

York Action, the Debtor's estate will be liable for the first $5,000 of any such coverage.

The Debtor objects to the Motion on several grounds.  First, the Debtor contends that "cause"

does not exist to lift the automatic stay and Americon has not put forth sufficient evidence that modifying

the stay is appropriate in this case.  Second, the Debtor submits that given AIG's denial of insurance

coverage and the limited self-insured retention clause in the insurance policy, some or all of the liability

which the Debtor may be found to owe to Americon would be satisfied from property of the estate.  Thus,

according to the Debtor, granting Americon stay relief under these circumstances would be contrary to the

express intention of Congress when it enacted section 362 of the Bankruptcy Code.  Third, the Debtor

argues that applicable New York state law unambiguously provides that the Debtor is not liable for

contribution or indemnity to any third person based upon liability for injuries sustained by an employee

acting within the scope of his employment.

## II.    Discussion

Section 362(d) of the Bankruptcy Code provides in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under subsection (a) of this
> section, such as by terminating, annulling, modifying, or conditioning such
> stay –
>
> (1)    for cause, including the lack of adequate protection of an interest
> in property of such party in interest . . . .

[11 U.S.C. § 362(d) (West 2006)].

Page 5
May 31, 2006

The notion of "cause" under § 362(d) is "viewed as a broad and flexible concept." *In re The Score Board, Inc.*, 238 B.R. 585, 593 (D.N.J. 1999) (citation omitted). The court has the flexibility and the discretion to fashion the relief to the circumstances of the particular matter. *Id.* (citations omitted). On a motion to lift or modify the automatic stay, the burden of proof is a shifting one. That is, § 362(d)(1) of the Code requires an initial showing of "cause" by the movant, while § 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property." *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999) (citations omitted). It is well-settled that a basis for granting relief from the automatic stay for "cause" exists when it is necessary to permit litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple non-debtor parties or is ready for trial. *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 130 (Bankr. D.N.J. 2004); *In re Telegroup, Inc.*, 237 B.R. at 87.

The legislative history to section 362(d)(1) supports this conclusion:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.
>
> [S. Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.]

In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue prosecuting a matter in another forum, courts will often rely upon the following factors: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or

Page 6
May 31, 2006

interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary;

4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of

action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action

primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other

creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination;

9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by

the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation;

11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties

and the balance of the harms. *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 130 (citing *In re Ice

Cream Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr. D. Conn. 2002)). *See also Sonnax Indus., Inc.

v. Tri Component Products Corp. (In re Sonnax Indus.)*, 907 F.2d 1280 (2d Cir. 1990) (utilizing same

factors). All twelve factors are not necessarily present in a particular case, and a court need not rely on

any plurality of factors in deciding whether to lift the automatic stay. *In re Mid-Atlantic Handling Sys.,

LLC*, 304 B.R. at 130 (citing *In re Ice Cream Liquidation, Inc.*, 281 B.R. at 165).

   Several factors militate in favor of granting the relief requested by Americon. First, while AIG is

currently denying coverage based upon the lack of privity between the Debtor and Americon on the date

that Mr. Bommarito's alleged injury occurred, the Debtor's insurer has assumed responsibility for defending

it in the state court action. While the Court is sympathetic that the Debtor's insurance policy includes a self-

insured damages retention of $5,000, to which the Debtor's estate may become liable, this fact is

insufficient for this Court to forestall the continuation of the state court action and possibly undertake

Page 7
May 31, 2006

jurisdiction for adjudicating the pending New York Action.  No matter where the action proceeds, attorney

fees will be incurred.  Thus, this is not a factor favoring the Debtor.  Second, judicial economy will be best

served by granting the motion and permitting the action to continue in the state court.  The crux of the New

York action is a personal injury action with no connection to this bankruptcy case and, according to the

Debtor, the third-party action between it and Americon involves the New York Workers' Compensation

Law, with which the New York Supreme Court is obviously familiar.  Simply put, it will be far more

expeditious to have the principal lawsuit and the third-party lawsuit filed against the Debtor proceed in one

forum.  Third, and as previously alluded to, the New York Action primarily involves third parties with no

connection to this bankruptcy case.  Fourth, permitting the third-party action to proceed in the state court

will result in the complete resolution of the dispute between Americon and the Debtor and, if liability exists

against the Debtor, it will be paid from insurance proceeds.

## III.    Conclusion

Based upon these observations, the Court will grant the motion filed by Americon and lift the

automatic stay so it can continue to prosecute its claim against the Debtor in New York state court to the

extent of available proceeds, if any.

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

**s/   Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure