<u>NOT FOR PUBLICATION</u>

**FILED**
JAMES J. WALDRON, CLERK

**JAN. 9, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: <u>s/ Ronnie Plasner,</u> DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**In Re:**

**PATRIOT CONTRACTING CORPORATION,**

                         Debtor.

Case No.: 05-33190 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

<u>**OPINION**</u>

**APPEARANCES:**

United States Department of Justice
Lawrence P. Blaskopf, Esq.
Trial Attorney, Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
*Counsel for Internal Revenue Service*

Joel A. Siegel, Esq.
70 Lafayette Street
New York, New York 10013
*Counsel for Merrill Lynch*
*Business Financial Services, Inc.*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are two motions filed by the United States seeking to: (1) vacate this Court's Order dismissing and closing the bankruptcy case of Patriot Contracting Corporation ("Debtor") to permit consideration of the United States' motion for a determination that this Court's cash collateral orders are void and (2) determine that this Court's orders authorizing the Debtor to use cash collateral are void. The United States argues that vacating the dismissal order is the only way to provide a forum to determine whether the cash collateral orders are void. Merrill Lynch Business Financial Services Inc. ("Merrill Lynch") filed opposition arguing that: (1) there is no procedural rule to serve as a basis to vacate the dismissal order; (2) the Court no longer has subject matter jurisdiction to address a collateral attack on the cash collateral orders; (3) the Internal Revenue Service ("IRS") waived the service issue as to the cash collateral motion; and (4) the IRS had actual and legally sufficient notice of the cash collateral motion.

The Court has jurisdiction over the instant matters pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. The motions for summary judgment are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper under 28 U.S.C. §§ 1408 and 1409. For the following reasons, the United States' motions are hereby denied.

**Factual Background**

**I.     United States' Statement of Facts**

The Debtor filed its Chapter 11 Petition on July 18, 2005 and subsequently filed a motion for interim and final orders approving the use of cash collateral. *See United States' Brief in Support of its Notice of Motion to Vacate Order Dismissing and Closing Case to Permit Consideration of*

*the United States' Motion to Determine that this Court's Cash Collateral Orders are Void and in Support of its Notice of Motion to Determine that this Court's Cash Collateral Orders are Void ("US' Bf.")*, 3. The certificate of service accompanying the cash collateral motion stated that the IRS was served at 600 Arch Street, Philadelphia, Pennsylvania 19102 and Cincinnati, Ohio 45999. *Id.* The United States submits that no attempts were made to serve the United States Department of Justice, the United States Attorneys' Office in Newark, New Jersey or the Attorney General in Washington, D.C. *Id.* The Court entered an Interim Order on July 25, 2005 approving the use of cash collateral and set a final hearing date of August 16, 2005. The Debtor filed a certificate of service indicating that copies of the Court's Interim Order were sent to the IRS District Director in Jersey City, New Jersey, the IRS in Cincinnati, Ohio, the IRS located at 1801 Liberty Avenue, Suite 1300, Pittsburgh, Pennsylvania, and the IRS in Philadelphia, Pennsylvania. *Id.* The Interim Order was not served upon the United States Department of Justice, the United States Attorneys' Office in Newark, New Jersey, or the Attorney General in Washington, D.C.

Upon learning of the Debtor's bankruptcy filing, Julia Sweeney, an IRS bankruptcy specialist, sent Debtor's counsel a letter on August 10, 2005 informing him that the IRS was aware of the filing and had filed Notices of Federal Tax Lien that attached to the Debtor's cash collateral. *See id.* at 4; *Declaration of Julia Sweeney ("Sweeney Decl.")*, at ¶¶ 2-4, Exhibit A. In the letter, the IRS states that it did not consent to the use of cash collateral and indicated that $17,474.97 represented monthly adequate protection payments. *See Sweeney Decl.*, Exhibit A. The total amount of the IRS's secured claim was $1,258,198.13. *Id.* The IRS asserts on these motions it was unaware of the Debtor's pending cash collateral motion and did not become aware until Debtor's

4

counsel informed her on September 6, 2005, in response to Sweeney's follow-up phone call. *Id.*; *US' Bf.* at 4.

After a final hearing, the Court entered the Final Cash Collateral Order on August 16, 2005 with the consent of both the Debtor and Merrill Lynch. *Id.* This was well after the IRS knew of the bankruptcy proceeding. The Debtor's certificate of service for the Final Cash Collateral Order indicated that it served the same parties that had been served with the Interim Order. *Id.* The Final Order authorized the payment of approximately $800,000.00 to Merrill Lynch from October 2005 through December 2006. *Id.* at 5. On September 29, 2005, the IRS filed a Proof of Claim for $1,493,460.72, of which $572.500.77 was secured, based on Notices of Federal Tax Liens filed in Hudson County, New Jersey on February 21, 2004, August 12, 2004 and April 14, 2005. *Id.*; *see Declaration of Lawrence P. Blaskopf*, at Exhibit B.

The IRS has filed two motions attempting to address the issue of the alleged improper service of the Debtor's cash collateral motion. *US' Bf.* at 5. It first filed a motion to deny the Debtor's use of cash collateral or in the alternative seeking adequate protection on October 28, 2005. *Id.* On March 28, 2006, the Court denied the motion holding that its August 16, 2005 Order was a final order for *res judicata* purposes and thus cannot be challenged. *Id.* The IRS appealed this Court's decision and the District Court denied the appeal finding that the Court's March 28, 2006 Order was not final and thus the District Court did not have jurisdiction. *Id.* at 6. Next, on May 29, 2007, the United States filed an adversary proceeding seeking a determination that: (1) the United States was a secured claimant; (2) the cash collateral orders were void due to improper service; and (3) disgorgement of funds transferred pursuant to the cash collateral orders was proper. *Id.* On June 27, 2007, the Debtor moved to dismiss the bankruptcy case and the United States' attorney did not

5

object to the dismissal as long as the adversary proceeding could continue. *Id.* At the hearing on the motion to dismiss on July 17, 2007, the United States contends that the Court agreed to retain jurisdiction over the lien priority issue raised in the adversary proceeding. *See id.* at 6-7. Thus, at this time, the United States contends that it did not file a motion seeking the relief now being sought in the instant motion based upon its reliance on the Court's statements. *Id.* at 7.

The Court closed the adversary proceeding in conjunction with its dismissal and closing of the bankruptcy case on September 18, 2007. *Id.* The United States sought reconsideration and Merrill Lynch opposed. *Id.* On April 1, 2008, the Court denied the United States' motion for reconsideration stating that another forum is best suited for the federal lien law issue as neither the Bankruptcy Code nor bankruptcy law was at the crux of the issues. *Id.* The United States, on behalf of the IRS, now contends that this Court erred in its ruling because a determination as to the validity of the cash collateral orders must occur first before the federal lien law issue may be decided. *Id.* at n.4.

## II.    Merrill Lynch's Statement of Additional Facts

Merrill Lynch submits that the IRS had actual notice of the Debtor's bankruptcy filing based upon the IRS's letter dated August 10, 2005 to Debtor's counsel prior to the final hearing on the cash collateral motion. *See Brief of Merrill Lynch Business Financial Services Inc. in Opposition to Motion by United States of America to Vacate Dismissal of Chapter 11 Proceeding and to Vacate Final Cash Collateral Order of August 16, 2005 ("Merrill Lynch Bf.")*, 2, Exhibit A. Furthermore, Merrill Lynch argues that the IRS received service of the filing and the cash collateral motion six times as there were six addresses listed in the creditor matrix. *Id.* The letter sent by Julia Sweeney, IRS bankruptcy specialist, to Debtor's counsel was not filed with the Court and apparently,

6

according to her declaration, the IRS was not aware of the cash collateral motion until after the final hearing. *Id.* However, simply looking electronically at the Court's docket would have advised the IRS of all pending motions.

Rather than file a motion to vacate the Final Cash Collateral Order, the IRS filed a motion for affirmative relief on October 28, 2005 seeking to deny the Debtor's use of cash collateral. *Id.* at 2-3. Significantly, in this motion, the IRS failed to raise the issue of deficient service of the cash collateral motion. *Id.* The issue of service was first raised at oral argument on the IRS' motion to deny the use of cash collateral or in the alternative seeking adequate protection on December 6, 2005. *See id.* at 3. The motion was adjourned for two weeks, but the IRS still did not submit briefing on the notice issue. *Id.* The ruling on this motion was appealed by the IRS. The District Court dismissed the appeal and the IRS did not seek further appeal. *Id.*

In its dismissal of the appeal, the Honorable Jose L. Linares, United States District Judge, noted that the IRS never sought permission to amend its briefing to include the service issue and it was "unreasonable" for the IRS to raise the issue on a motion for adequate protection. *Id.* Judge Linares ruled that the IRS had received actual and adequate notice of the Debtor's cash collateral motion and the IRS' failure to act on the motion was "unacceptable given the circumstances of this case." *Id.* at 3-4 (citing *IRS v. Patriot Contracting Corp.*, 2007 WL 433392 (D.N.J. Feb. 7, 2007)). The IRS sought reconsideration of the dismissal of the adversary proceeding but did not do so with respect to the Dismissal Order closing the bankruptcy case nor did it seek an appeal. *Id.* at 4.

7

**Discussion**

I.  **Vacatur of the Dismissal Order Closing the Bankruptcy Case**

In contending that the Dismissal Order should be vacated to allow for a determination on the service of process issue, the United States relies upon *In re Coletta*. *In re Coletta*, 380 B.R. 140 (Bankr. E.D. Pa. 2007). In *Coletta*, the debtor filed a Chapter 11 bankruptcy. However, during the pendency of the case, the movant obtained a default judgment against the debtor in a mortgage foreclosure action in the state court. *Id.* at 142. The debtor's case was dismissed for failure to file schedules and financial statements. The debtor filed a subsequent bankruptcy and also filed a motion in state court requesting that the foreclosure judgment be stricken and the sheriff's sale set aside because they were in violation of the automatic stay. *Id.* The movant argued that he had no notice of the bankruptcy filing and thus did not knowingly or willfully violate the automatic stay. *Id.* at 149. In *Coletta*, unlike this case, the movant did not receive knowledge of the filing until eight months afterward. *Id.* Moreover, the debtor in *Colleta* failed to supply the court with schedules or a creditor mailing matrix. Therefore, the court was unable to provide notices to the movant. *Id.* at 150. Given the conflicting evidence, the court correctly decided in favor of the movant and found that the movant did not willingly violate the automatic stay and that the debtor most likely had inadvertently failed to provide notice to the movant. *Id.* at 150. The court then reinstated the case to determine whether the automatic stay should be annulled *nunc pro tunc* to the date of the petition and subsequently determined that it should. *See id.* at 151-154.

The instant matter is obviously distinguishable from *In re Coletta*. In this matter, the IRS had actual notice of the filing and has admitted such. No issue can really be made regarding notice of the filing after the IRS letter of August 10, 2005. In comparison, in *Coletta*, the creditor learned of

the filing eight (8) months later. In addition, *In re Coletta* does not serve as the appropriate basis to make a determination as to the validity of the cash collateral orders. Rather, an analysis under Rule 60(b)(4) is necessary. However, *In re Coletta* does provide this Court with a basis to reinstate the case for the limited purpose of determining the validity of the prior cash collateral orders and thereafter again dismiss the case. *See id.* at 154.

**II.    Determination of Whether Cash Collateral Order is Void Pursuant to Federal Rule of Bankruptcy Procedure 9024 For Improper Service**

The United States has moved pursuant to Federal Rule of Bankruptcy Procedure 9024, applying Federal Rule of Civil Procedure 60(b)(4), to vacate this Court's Cash Collateral Order, while Merrill Lynch appears to contend that the United States' argument is based upon Rule 60(b)(6).

Rule 60(b)(4) provides: "On motion and just terms, the court may relieve a party. . .from a final judgment, order or proceeding for the following reasons: (4) the judgment is void." FED. R. BANKR. P. 9024 (incorporating FED. R. CIV. P. 60(b)(4)). A motion under Rule 60(b)(4) must be made "within a reasonable time." FED. R. BANKR. P. 9024 (incorporating FED. R. CIV. P. 60(c)(1)). To render a judgment void, a court must lack subject matter jurisdiction or act in a manner inconsistent with due process of the law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862 (2007). The service issue raised by the United States falls within the due process prong.

Merrill Lynch addresses Rule 60(b)(6) that allows courts to vacate an order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) requires "extraordinary, and special circumstances" to justify granting relief. *See In re Coletta*, 380 B.R. 140, 147 (Bankr. E.D.

Pa. 2007) (citation omitted). Since the United States appears to only have raised Rule 60(b)(4), the Court will focus on that section.

A motion seeking authorization to use cash collateral is made pursuant to Bankruptcy Rule 4001, which requires that the motion be filed and served in accordance with Rule 9014. Rule 9014(b) provides: "The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." FED. R. BANKR. P. 9014. Rule 7004(b)(4) states the process for service upon an agency of the United States, which encompasses the IRS, whereby a copy of the motion must be mailed via first class mail to the agency and to the United States by way of the United States Attorney for the district in which the action is brought and by mailing a copy to the Attorney General of the United States at Washington, D.C. FED. R. BANKR. P. 7004(b)(4)-(5). Once the sufficiency of service is challenged, the burden of proof is on the debtor or movant to demonstrate the sufficiency of service. *See Weston Funding LLC v. Consorcio G Grupo Dina, S.A. DE C.V.,* 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006).

However, an insufficiency of service argument may be waived by any litigant, including the IRS or the government. *Fed. Nat'l Mortgage Assoc. v. IRS*, 2001 U.S. Dist. LEXIS 1531, at *9 (E.D.N.Y. 2001). An insufficiency of process defense or argument must be raised in the first responsive pleading. *See id.* at *9. Moreover, when a party seeks affirmative relief without raising the insufficient service issue, then the service issue is deemed waived. *See Flock v. Scripto-Tokai Corp.*, 2001 U.S. Dist. LEXIS 23881, at *12 (S.D.N.Y. June 26, 2001). Such affirmative relief may not solely be procedural. *See Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 659 (S.D.N.Y. 1997) (appearing at a status conference, confirming stay of motions, requesting extension of time to respond do not constitute involvement to waive jurisdictional defenses); *Securities*

*Training Corp. v. Securities Seminar, Inc.*, 633 F. Supp. 938, 939 (S.D.N.Y. 1986) (participating in settlement negotiations for ten months without filing a motion does not constitute waiver of jurisdictional defense).

In the instant matter, it is unclear from the factual recitations exactly how the IRS bankruptcy specialist received notice of the filing. However, it is clear that the IRS did receive actual notice as early as August 10, 2005 as both parties annexed the IRS letter to Debtor's counsel regarding adequate protection payments. After the letter evidencing actual notice, the IRS filed a motion seeking adequate protection payments, which is affirmative and substantive relief granted by a bankruptcy court, and thus, constituted an appearance in this case. The IRS first raised the service issue at oral argument in December 2005, but as noted by the District Court, the IRS failed to amend its briefing and held that it was "unreasonable" to raise the issue in the context of an adequate protection motion. Additionally, several IRS offices and the United States Attorneys' Office for the District of New Jersey are listed on the creditor mailing matrix. Thus, it is presumed these offices received notice of both the bankruptcy filing and the subsequent motions filed. Most significant, however, is that the IRS had actual notice in August 2005 and should have reasonably reviewed the docket for information regarding the matter. After receiving actual notice and filing for affirmative relief, the IRS cannot stand by and argue later it was not properly served by mail.

The IRS further contends that it relied upon the Court's statement in July 2007 that it would retain jurisdiction over the lien priority issue for the sake of judicial economy. The IRS did not raise this argument in its motion to reconsider the Dismissal Order that was decided in April 2008 and now, for the first time, seeks to have the Court vacate its Dismissal Order on that basis. Thus, as the District Court observed, the IRS again failed to raise what it believes are critical issues until after

the fact. The IRS also only sought reconsideration of the Court's order closing the adversary proceeding but never did so with respect to the Dismissal Order nor sought an appeal of such Order.

This Court and the District Court both found that the IRS had actual notice of the cash collateral proceeding but failed to act. The IRS entered an appearance by seeking affirmative relief but failed to object to service at the time. Thus, the District Court ruled that there was no basis to vacate the Final Cash Collateral Order. Merrill Lynch submits that this is now law of the case.

> The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation. We apply the doctrine with the intent that it will promote finality, consistency, and judicial economy. Reconsideration of a previously decided issue may, however, be appropriate in certain circumstances, including when the record contains new evidence. This exception to the law of the case doctrine makes sense because when the record contains new evidence, the question has not really been decided earlier and is posed for the first time. But this is so only if the new evidence differs materially from the evidence of record when the issue was first decided and if it provides less support for that decision. Accordingly, if the evidence at the two stages of litigation is substantially similar, or if the evidence at the latter stage provides more support for the decision made earlier, the law of the case doctrine will apply.

*Hamilton v. Leavy*, 322 F.3d 776, 787-87 (3d Cir. 2003) (citations and internal quotation marks omitted). Certainly, the law of the case doctrine should not be applied so rigidly that a party lacks the forum or opportunity to raise an argument it did not previously raise. *See id.* at 787. However, here, it is clear that there is no new evidence being raised by the IRS and the IRS had previous opportunities to raise its original notice and service argument. Thus, the law of the case doctrine applies and the findings of the District Court and this Court govern. The IRS waived the service issue by failing to raise or address it for over two years while still pursuing reconsideration or appeals of the Court's Orders. Therefore, the Cash Collateral Order is valid and this Court will not

vacate such Order.  The Debtor's bankruptcy case and the related adversary proceeding will remain closed.

## Conclusion

For the foregoing reasons, the United States motions to vacate the Dismissal Order and determine whether the Cash Collateral Order is void are hereby denied.  An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

*/s / Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: January 9, 2009